# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GLORIA FEAGAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: _____ |
| | ) |
| **ONIN STAFFING,** | ) JURY TRIAL DEMANDED |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Gloria Feagan, by and through undersigned counsel and asserts the following:

## PRELIMINARY STATEMENT

Plaintiff Gloria Feagan is an African American woman who was formerly employed by Onin Staffing. This action seeks redress for Ms. Feagan's wrongful termination on the basis of her race in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e and retaliation pursuant to the Family and Medical Leave Act in violation of 29 U.S.C. § 2615.

## PARTIES

1. **Plaintiff Gloria Feagan ("Plaintiff" or "Ms. Feagan")** is a citizen of the United States, a citizen of the State of Alabama, and is over 19 years of age.

2. **Defendant Onin Staffing ("Defendant" or "Onin")** is an entity whose headquarter is located in Birmingham, Alabama. Onin consistently does business in the State of Alabama. The nature of Onin's business is to provide workers to other businesses.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This action seeks redress for deprivation of Ms. Feagan's rights as secured by 42 U.S.C § 1981, 42 U.S.C. § 2000e, and 29 U.S.C. § 2615.

4. Venue is proper in this Court pursuant to U.S.C. § 1391(b)(2), as a substantial part of the events and omissions that give rise to Ms. Feagan's claims occurred within this Court's judicial district.

5. The Equal Opportunity Commission ("EEOC") received a timely charge (EEOC Charge No. 420-2021-00801) filed by Ms. Feagan on or about December 10, 2020. In her timely charge, Ms. Feagan alleged that her race motivated Onin to terminate her employment. She also alleged that she was terminated after she requested time off of work pursuant to the Family and Medical Leave Act ("FMLA"). The EEOC decided not to proceed with its investigation into Ms. Feagan's claims and gave her notice of the right to sue. (*See* Exhibit A).

6. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## FACTUAL ALLEGATIONS

7. Ms. Feagan is an African American woman.

8. Onin Staffing is the staffing division of The Onin Group. Onin Staffing recruits job candidates and places them with clients.

9. On October 29, 2018, Ms. Feagan began her employment with Onin Staffing. She was employed as a full-time on-site supervisor at Onin's McCalla, Alabama branch. Before joining Onin, Ms. Feagan had over ten years of leadership and supervisory experience.

10. Ms. Feagan's job responsibilities included recruiting potential candidates, onboarding them to their new roles, making "cold calls" to potential clients, and overseeing drug screenings and background checks.

11. Ms. Feagan was additionally tasked with taking home an "after hours" phone so that she could be contacted by coworkers and clients after normal branch hours.

12. During her time as the on-site supervisor, Ms. Feagan was often given positive work evaluations and praised for her work ethic. Ms. Feagan never received any disciplinary infraction or write-up during her time at Onin.

13. Ms. Feagan vividly remembers that one particular supervisor, Darah Knighton, spoke down to her and other African American employees. Knighton often delegated her own work responsibilities to Ms. Feagan.

14. Christine McDonald, who had no prior leadership or supervisory experience, was hired by Onin to generate new business. She was an occupational therapist before being hired by Onin.

15. McDonald's primary job responsibility was to make "cold calls" to generate new business.

16. There was no material difference between Ms. Feagan's position and McDonald's position because they had the same duties and respobsibilities.

17. Ms. Feagan suffered from personal health issues that she always communicated to Onin. After suffering from excruciating shoulder pain, Ms. Feagan was diagnosed with bone spurs.

18. Ms. Feagan's physician notified her that she needed to have surgery to remove the bone spurs. A surgery had not been scheduled, but Ms. Feagan notified Onin that she would need to request FMLA time off to have the surgery when the time came.

19. On April 13, 2020, after notifying her supervisors of the need to request FMLA leave at a later date, Ms. Feagan and another African American female

employee were called into a training room with both Christine McDonald and Darah Knighton.

20. The women were informed that their positions were being terminated because of the effects of COVID-19.

21. Both women were assured they would receive a call to return to work after business picked back up.

22. Only a short time after being terminated, Onin began running advertisements for a staffing recruiting position. The staff recruiter's job responsibilities mirrored Ms. Feagan's responsibilities when she worked for Onin.

23. Ms. Feagan applied for the new position but was not hired or even called back.

24. Onin Employees later discovered emails from supervisors that indicated that Onin wanted to terminate certain roles and use COVID-19 as an "excuse" to do so.

25. The emails remarked that some of the employees, including Ms. Feagan, had turned in FMLA paperwork to request time off of work.

26. The emails urged that these employees should be terminated before their FMLA leave time began. These employees held similar positions to Ms. Feagan.

27. Four African American female employees, in a similar position to Ms. Feagan, were terminated by Onin during this time.

28. No white employee in a similar position was terminated.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF 42 U.S.C. § 1981 and 42 U.S.C. § 2000e – RACE DISCRIMINATION IN EMPLOYMENT – DISCHARGE

29. Plaintiff incorporates by reference paragraphs 1-28.

30. 42 U.S.C. § 1981 gives all persons full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

31. 42 U.S.C § 2000e-2 makes it unlawful for businesses to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race.

32. Defendant stated its reason for firing Plaintiff was the economic effects COVID-19 had on business. Plaintiff was assured that she would be called back to work after business resumed as normal.

33. Despite the economic effects COVID-19 had on business, Defendant continued to employ all similarly situated white employees.

34. Race was a motivating factor in their decision to terminate many African American employees including Ms. Feagan. This assertion is evidenced by

Defendant's decision to only fire African American employees and then advertise their positions under a new job title. Moreover, Christine McDonald, a white employee who had the same duties as Ms. Feagan, was retained and the African American employees were not.

35. Defendant's termination of Plaintiff on the basis of her race denied her the full and equal protections of the laws 42 U.S.C. § 1981 and 42 U.S.C § 2000e-2 affords.

### COUNT II: VIOLATION OF 29 U.S.C. § 2615 – FAMILY AND MEDICAL LEAVE ACT – RETALIATION

36. Plaintiff incorporates by reference paragraphs 1-4 and 6-28.

37. 29 U.S.C. § 2615 makes it unlawful for any employer to interfere, restrain, or deny the exercise of an employee's FMLA rights.

38. Plaintiff began her employment with Defendant on October 29, 2018. She was terminated more than twelve months later on April 13, 2020.

39. Plaintiff worked for Defendant well beyond the 1,250 hours during the twelve-month period before she notified her supervisors of her need to request time off pursuant to the FMLA. Plaintiff was a full-time employee and was even tasked to work after hours by taking home an "after-hours" phone.

40. Plaintiff's physician notified her that she needed to have surgery to remove the bone spurs. This condition would require continuing treatment from Plaintiff's physicians.

41. Plaintiff's surgery to remove the bone spurs had not even been scheduled when she notified her supervisors that she would need to request time off at some point for the surgery. She gave Onin ample notice before the leave was to begin.

42. Plaintiff's FMLA notification prompted her termination. This assertion is evidenced by the emails between Defendant's management staff.

43. The emails indicated that Defendant would use COVID-19 as an excuse to terminate Plaintiff and other similarly situated African American employees. The emails notably mentioned that the terminated employees requested FLMA time, so management urged the terminations to occur before FMLA time began.

44. Defendant terminated Plaintiff and similarly situated African American employees, as evidenced by the emails, who requested time off of work pursuant to the FMLA.

45. Defendant's actions violated 29 U.S.C. § 2615 by terminating Plaintiff after notification that she would request time off of work pursuant to the FMLA.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against Defendant pursuant to an order awarding:

a. Nominal and compensatory damages in an amount to be determined by a jury;

b. Punitive damages to be determined by a jury;

c. Emotional damages in an amount to be determined by a jury;

d. Reasonable attorney's fees and costs; and

e. Any other monetary and/or equitable relief that this Honorable Court might deem just.

## JURY DEMAND

46. Plaintiff requests a trial by jury.

Respectfully submitted,

*/s/ Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
*Attorney for Plaintiff*

**Maxwell & Tillman**
2326 2nd Avenue North
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
maxwell@mxlawfirm.com

*/s/ Austin Russell*
Austin Russell
*Attorney for Plaintiff*

**Maxwell & Tillman**
2326 2nd Avenue North
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
arussell@mxlawfirm.com

**Please Serve the Following Via Certified Mail:**

**Onin Staffing**
1687 Center Point Parkway, Suite 131
Birmingham, AL 35215

*/s/ Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
*Attorney for Plaintiff*
